```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
                                      :
UNITED STATES OF AMERICA              :
                                      :    MEMORANDUM DECISION
         - against -                  :
                                           06 Cr. 1083 (DC)
                                      :
RICHARD SANTANA,                      :
                                      :
              Defendant.              :
                                      :
- - - - - - - - - - - - - - - - - - -x

APPEARANCES:   DANIEL SANTANA
               Movant Pro Se
               2315 University Avenue, Apt. 2E
               New York, New York  10468

               LEV DASSIN, Esq.
               Acting United States Attorney for the
                    Southern District of New York
               Attorney for Defendant
                    By:  Harry A. Chernoff, Esq.
                         Assistant United States Attorney
               One Saint Andrew's Plaza
               New York, New York  10007
```

**CHIN, District Judge**

  Daniel Santana ("Daniel") moves to vacate the judgement of forfeiture of the bail bond against him.  The government opposes Santana's motion.  For the reasons that follow, Daniel's motion is denied.

  Daniel had co-signed a $250,000 bond for his brother, defendant Richard Santana, in 2004.  Defendant absconded, and judgment was entered against Daniel, other co-signers, and the defendant on February 17, 2004.  On August 25, 2006, defendant was arrested in the Bronx; he eventually pled guilty and was sentenced to 121 months of imprisonment on July 10, 2008.

  Judgments on the forfeiture of bail bonds may be set aside in whole or in part if "it appears that justice does not

require bail forfeiture."  Fed. R. Crim. P. 46(f)(4).  "The burden of establishing grounds for remission is on the party challenging the forfeiture."  United States v. Gambino, 17 F.3d 572, 574 (2d Cir. 1994).  When considering whether to grant the motion, courts must consider "whether the defendant's breach of the bond conditions was willful; the cost, inconvenience and prejudice suffered by the government as a result of the breach; . . . any explanation or mitigating factors presented by the defendant; . . . whether the surety has assisted in the apprehension of the defendant; and whether the surety is a professional or a friend or member of the defendant's family." Id. (quoting United States v. Carvajal, 674 F. Supp. 973, 974 (E.D.N.Y. 1987) (alterations in the original)).  Courts must also consider the "deterrence value of total forfeiture."  Id. at 575.

Daniel has not met his burden here.  Defendant's breach was willful and caused the government no small inconvenience.  He was a fugitive for over two years, residing in the Dominican Republic and the Bronx.  Daniel has presented no evidence that he assisted in the apprehension of the defendant -- his brother -- although he is likely to have known about the defendant's location or to have been able to provide other assistance during the time he was at large.  Vacating the judgment would thus be a disservice to the deterrence goals of forfeiture.  As Judge Maas explained in his decision denying a similar motion by two of Daniel's co-signers, "[i]f sureties could routinely escape liability in such cases, their signature would become largely

meaningless." (Order, June 28, 2006, Doc. No. 18). For this reason, Daniel's argument that the judgment should be vacated because the defendant is in custody and serving his sentence is unavailing.

Daniel also asks the court to consider his financial situation. The judgment of forfeiture presents a hardship to him. "The cases are clear, however, that the court may not consider the financial plight of the sureties, since it is the interests of justice, not of the sureties, that must be considered." U.S. v. Gallego, No. 02 Civ. 5987 (ILG), 2003 WL 1193536, at *3 (E.D.N.Y. Jan. 29, 2003) (citing cases).

Accordingly, Daniel's motion to vacate the judgment of forfeiture is denied.

SO ORDERED.

Dated:    New York, New York
          May 8, 2009

_____
DENNY CHIN
United States District Judge